EAG:MKC
F. #2019R01502

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

**RECEIVED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   NOV 14 2019   ★   ★   NOV 14 2019   ★

LONG ISLAND OFFICE   LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

ANDREW FREY,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**I N D I C T M E N T**

Cr. No. **C R 1 9 5 3 7**
(T. 18, U.S.C., §§ 981(a)(1)(C),
1201(d), 1591(b)(1), 1594(a), 1594(d)
and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

HURLEY, J.

THE GRAND JURY CHARGES:

LOCKE, M. J.

COUNT ONE
(Attempted Sex Trafficking – Jane Doe #1)

      1.    In or about October 2018, within the Eastern District of New York, the

defendant ANDREW FREY did knowingly and intentionally attempt to entice, transport,

obtain, patronize and solicit by any means a person, to wit: Jane Doe #1, an individual whose

identity is known to the Grand Jury, in and affecting interstate commerce, knowing that

force, threats of force, fraud and coercion and a combination thereof would be used to cause

Jane Doe #1 to engage in one or more commercial sex acts, contrary to Title 18, United

States Code, Section 1591(a)(1).

      (Title 18, United States Code, Sections 1594(a), 1591(b)(1) and 3551 et seq.)

COUNT TWO
(Attempted Kidnapping – Jane Doe #1)

      2.    In or about October 2018, within the Eastern District of New York, the

defendant ANDREW FREY did knowingly, intentionally and unlawfully attempt to seize,

confine, inveigle, kidnap, abduct and carry away and hold, for ransom and reward and

Case 2:19-cr-00537-DRH-SIL   Document 1   Filed 11/14/19   Page 2 of 6 PageID #: 10

2

otherwise, a person, to wit: Jane Doe #1, and use one or more means, facilities and instrumentalities of interstate and foreign commerce, in committing and in furtherance of the commission of the offense, contrary to Title 18, United States Code, Section 1201(a)(1).

(Title 18, United States Code, Sections 1201(d) and 3551 et seq.)

## COUNT THREE
(Attempted Sex Trafficking – Jane Doe #2)

3.      In or about July 2019, within the Eastern District of New York, the defendant ANDREW FREY did knowingly and intentionally attempt to entice, transport, obtain, patronize and solicit by any means a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, knowing that force, threats of force, fraud and coercion and a combination thereof would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, contrary to Title 18, United States Code, Section 1591(a)(1).

(Title 18, United States Code, Sections 1594(a), 1591(b)(1) and 3551 et seq.)

## COUNT FOUR
(Attempted Kidnapping – Jane Doe #2)

4.      In or about July 2019, within the Eastern District of New York, the defendant ANDREW FREY did knowingly, intentionally and unlawfully attempt to seize, confine, inveigle, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Jane Doe #2, and use one or more means, facilities and instrumentalities of interstate and foreign commerce, in committing and in furtherance of the commission of the offense, contrary to Title 18, United States Code, Section 1201(a)(1).

(Title 18, United States Code, Sections 1201(d) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND THREE

5.      The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts One and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, or any property traceable to such property.

6.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

     (a) cannot be located upon the exercise of due diligence;

     (b) has been transferred or sold to, or deposited with, a third party;

     (c) has been placed beyond the jurisdiction of the court;

     (d) has been substantially diminished in value; or

     (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO AND FOUR

7.     The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Two and Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

8.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a)   cannot be located upon the exercise of due diligence;
>
> (b)   has been transferred or sold to, or deposited with, a third party;
>
> (c)   has been placed beyond the jurisdiction of the court;
>
> (d)   has been substantially diminished in value; or
>
> (e)   has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____

FOREPERSON

_____

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F.#: 2019R01502
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*ANDREW FREY,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1201(d), 1591(b)(1), 1594(a), 1594(d)
and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c)))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Monica K. Castro, Assistant U.S. Attorney (631) 715-7894*