# Federal Defenders
## OF NEW YORK, INC.

770 Federal Plaza, Central Islip, NY 11722
Tel: (631) 712-6500 Fax: (631) 712-6505

David E. Patton
*Executive Director and Attorney-in-Chief*

Randi L. Chavis
*Attorney-in-Charge Long Island*

January 23, 2020

Hon. Denis R. Hurley
United States District Judge
Eastern District of New York
United States Courthouse
Central Islip, New York 11722

**Re:  United States v. Andrew Frey**
      **19 Cr. 537 (DRH)**

Dear Judge Hurley:

I represent Andrew Frey on the above-captioned case scheduled for a status conference this Friday, January 24, 2020. I write in advance to ask this Court to concomitantly hear us regarding bail or refer this case to the Magistrate for a bail hearing.

**I.   Case Posture**

Andrew Frey was arrested in the early morning hours of November 15, 2019 at his home in Coram, NY. At the same time, agents searched the home.[1] He was taken to the FBI office and questioned[2] and then brought to federal court in Central Islip. The parties appeared before Magistrate Judge Shields for the Rule 5 proceeding and entered a plea of not guilty. The government requested detention. The government alleged that Mr. Frey was both a risk of non-appearance and a danger to the community.[3] A detention hearing was not held at this time and counsel reserved Mr. Frey's rights. Judge Shields entered an order of detention. A status conference was schedule for November 22, 2019 before Your Honor and Mr. Frey waived Speedy Trial time until that date.

---

[1] Despite three discovery requests, counsel has still not been given a search warrant, search warrant affidavit and search warrant return.
[2] I have been given a this recording of this interview. Mr. Frey, *inter alia*, asserts innocence in the interview.
[3] The government filed a letter right before the Rule 5 proceeding requesting detention. ECF document no. 4.

Counsel filed a request for discovery on November 20, 2019.[4] The government provided some discovery pursuant to its letter date November 22, 2019. Counsel for Mr. Frey filed two follow-up requests, one on December 5, 2019 and the other on January 2, 2020. In my December 5th letter we requested, among other things, the pictures of alleged injuries which the government referenced and relied upon in its detention letter. In my January 2nd letter we, *inter alia*, asked to view the physical evidence and proposed alternative dates. In addition, I reminded the government of our Rule 16.1 obligation[5] to confer on a time frame for disclosure of the remaining discovery.[6] I relayed my cell phone number for after-office-hours calls. The government has yet to respond. Mr. Frey has been detained in custody since November 14, 2019 – the day of his arrest.

## II. Andrew Frey Should Be Released From Custody

### A. Legal Standard

Liberty before a criminal trial is, and has always been, the "norm." See United States v. Salerno, 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987). The Bail Reform Act ("BRA"), 18 U.S.C.S. § 3145(b) requires that a court "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." United States v. Shakur, 817 F.2d 189, 195 (2d Cir. 1987 citing, S. Rep. No. 225, 98th Cong., 2d Sess. 7, *reprinted in* 1984 U.S. Code Cong. & Ad. News 3182, 3189.

The BRA permits a court to order pretrial detention only if it concludes "that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.S. § 3142 (e)(1). The burden is on the government to prove dangerousness by clear and convincing evidence and that no conditions will reasonable assure the safety of the community. "[A} detention order must draw upon evidence that provides a 'high degree of certainly' as to danger." U.S. v. Paulino, 335 F. Supp. 3d 600 (S.D.N.Y. Aug. 18, 2018) citing, U.S. v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985). The burden is also on the government to prove, by a preponderance of the evidence that the defendant "presents a

---

[4] Defendant's letter requesting discovery is ECF document no.13.

[5] Rule 16.1. – Pretrial Discovery Conference; Request for Court Action – (a) Discovery Conference. No later than 14 days after the arraignment, the attorney for the government and the defendant's attorney must confer and try to agree on a timetable and procedures for pretrial disclosure under rule 16; (b) Request for Court Action. After the discovery conference, one or both parties may ask the court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial.

[6] I have reason to believe that most of the remaining discovery is electronic media and voluminous.

risk of flight if not detained," and that no set of conditions "reasonably will assure the presence of the defendant at trial if he is released." Shakur, 817 F.2d at 194-95.  The Second Circuit requires "more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight." United States v. Friedman, 837 F.2d 48 (2d Cir. 1988).

The factors that a court must consider in making its determination include: (1) the nature and circumstances of the charged offenses; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, employment history, length of residence in the community, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of any risk of danger if the person is released. See 18 U.S.C. § 3142(g); see also United States v. English, 629 F.3d 311 (2d Cir. 2011).

### B. The History and Characteristics of Andrew Frey

Andrew Frey is a 54-year-old married father of two.  He and his wife Gina have been married for 25 years. They have a son Andrew Jr. who is 23 and a daughter Elissa who is 18.  He is a lifelong resident of Suffolk County.  The family has a close relationship and participate in activities together such as church services, church activities, vacations, and family dinners. Andrew Jr. as well as Ellisa continue to reside in the family home. The Freys have lived in their home in Coram for the last 24 years. Andrew Frey has been employed at Sage Auto Parts in Melville as a quality assurance manager for the past ten (10) year earning approximately $5,000 per month.

Mr. Frey suffers from diabetes and hypertension and takes medication for both conditions.  He does not use illegal narcotics and as reported by Mrs. Frey consumes two to three beers in the evenings.

Mr. Frey has a youthful offender offense (burglary) at age 17; five misdemeanor convictions from age 19 through 26 and a felony drug conviction at age 24.  Subsequently, Andrew Frey entered a drug rehabilitation facility, overcame drug addiction, went on to get married, own a home, have children, be steadily employed and be a constructive member of his community.  That has been his life for almost the last 30 years.

C. **The Nature and Circumstances of the Offense**

The government has accused Andrew Frey of attempting to kidnap two prostitutes and attempting to force the same two prostitutes to take money from him to have sex. Andrew Frey vehemently denies these allegations. He is entitled, under the law, to a presumption of innocence. 18 U.S.C. § 3142 (j). To date, the government has not produced any evidence in discovery which would tend to support its allegations. Two (2) months ago the defense requested pictures of the alleged injuries to the two Jane Does which the government cited and relied on in its detention letter to Magistrate Judge Shields. To date, these pictures have not been produced to the defense. Three (3) weeks ago counsel for Mr. Frey asked for the opportunity to view evidence. To date there is silence from the government. Counsel made a discovery request in November, a follow-up request in December and another follow-up request in January. To date there is significant discovery is still outstanding. The discovery produced by the government in November does not support nor does it shed any light on the allegations in the indictment.

D. **The Nature and Seriousness of Any Risk of Danger if Mr. Frey is Released**

We submit there is no danger. If released, Andrew Frey would return to his home, his family and his job. In United States v. Sabhnani, 493 F.3d 63 (2d Cir. 2007) The Circuit vacated the District Court's order of detention for defendants who were naturalized citizens with considerable wealth and substantial ties to Indonesia and India, were accused of forcing two Indonesian women into virtual slavery in their home and subjecting them to serious physical abuse, with such abuse being documented by pictures. The Sabhnanis were granted bail upon conditions. In United States v. Paulino 335 F. Supp. 3d, 600*; 2018 U.S. Dist. LEXIS 139039; 2018 WL 3946451 (S.D.N.Y. Aug. 16, 2018) the District Court set and the Second Circuit approved, conditions of release for a defendant charged with joining in "a brutal and heinous attack, in which the Victim was so badly beaten and stabbed that he went into cardiac arrest, was left hospitalized, and required emergency surgery." Paulino, at 612. ("Whether Paulino"s personal involvement was simply impulsive, or whether he was aware of the alleged 'hit' on this rival gang member, the conduct he is alleged to have undertaken conveys an unacceptable disregard of human life…").Id.

**III. Conclusion**

Andrew Frey is a lifelong resident on Suffolk County. He is a husband and a father. He has been employed at the same job for ten years. He is an American citizen without ties to any other country. Although he has prior convictions they are close to three decades old. Bail conditions can be imposed to address any supposed danger. There is no reason to believe that he would not obey any order of the court to return to court each and every time his appearance is required or to refrain from contacting any alleged victim. I respectfully request that a hearing be held to address conditions of release.

Respectfully submitted,

Tracey L. Gaffey
Assistant Federal Defender
(631) 712-6500
tracey_gaffey@fd.org

cc: Monica K. Castro, Esq.
    Assistant U.S. Attorney

    Clerk of Court, EDNY

Mr. Andrew Frey

U.S. v. Frey, 19 Cr. 537 (DRH)
Page 6

Mr. Andrew Frey