**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------x
|  |  |  |
|---|---|---|
|  | : | **NOTICE OF MOTION** |
| **UNITED STATES OF AMERICA** | : | **19 Cr. 537 (DRH)** |
|  | : |  |
| - v. - | : |  |
|  | : |  |
| **ANDREW FREY,** | : |  |
|  | : |  |
|  | : |  |
| **Defendant** | : |  |
|  | : |  |

------------------------------x

**PLEASE TAKE NOTICE**, that upon the annexed declaration of Tracey L. Eadie Gaffey, Esq. and all the prior papers and proceedings herein, the defendant, Andrew Frey, will move before the Honorable DENIS R. HURLEY, United States District Judge for the Eastern District of New York, at the United States Courthouse located at Central Islip, NY 11722, on December 1, 2020 for an Order, pursuant to Rules 12 of the Federal Rules of Criminal Procedure, dismissing counts one and three of the indictment as these counts are unconstitutional as-applied to Andrew Frey, dismissing counts one and three because they are facially insufficient and granting such additional relief as the Court may deem just and proper.

Dated: Central Islip, New York
      September 22, 2020

Respectfully Submitted,

DAVID E. PATTON, ESQ.
Federal Defenders of New York, Inc.

By: **Tracey L. Eadie Gaffey, Esq.**
Assistant Federal Defender
770 Federal Plaza
Central Islip, NY  11722
Tel: (631)712-6500
Fax: (631)712-6505
Email: tracey_gaffey@fd.org

*Attorney for Andrew Frey*

To:   SETH D. DuCHARME
      United States Attorney
      Eastern District of New York
      600 Federal Plaza
      Central Islip, NY 11722
      Attn.: **Monica Castro**
             Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

```
-------------------------------x
                               :      Declaration
UNITED STATES OF AMERICA       :      19 Cr. 537 (DRH)
                               :
       - v. -                  :
                               :
ANDREW FREY,                   :
                               :
       Defendant               :
                               :
-------------------------------x
```

Tracey L. Eadie Gaffey, an attorney admitted to practice in this Court and the Courts of New York State, affirms under penalties of perjury pursuant to Title 28 U. S. C. Section 1746:

I am an attorney with the Federal Defenders of New York, Inc. appointed to represent Andrew Frey in this action. I make this declaration in support of Mr. Frey's motion to dismiss counts one and three of the indictment.

All statements herein are made upon information and belief, the source of the information and the grounds for the belief are conversations with the defendant, a review of the material provided by the government to date, independent investigation and research, and the record in this case.

Andrew Frey was arrested in the early morning hours of November 15, 2019 at the home he shared with his wife and two

3

adult children in Coram, NY. At the same time, agents searched the home and vehicle. Mr. Frey was taken to the FBI office in Melville, questioned, and brought to federal court in Central Islip. The parties appeared before Magistrate Judge Shields for a Rule 5 proceeding and Mr. Frey pled not guilty to the indictment. The government requested detention alleging that Mr. Frey was both a risk of non-appearance and a danger to the community. A detention hearing was not held at that time and counsel reserved Mr. Frey's rights. Judge Shields entered an order of detention.

Counts one and three of the indictment allege that on unnamed dates in October, 2018 and July, 2019, Andrew Frey "did knowingly and intentionally attempt to entice, transport, obtain, patronize and solicit by any means a person, to wit: (Jane #1 and #2), an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, knowing that force, threats of force, fraud and coercion and a combination thereof would be used to cause (Jane Doe #1 and #2) to engage in one or more commercial sex acts, contrary to Title 18 United States Code, Section 1591(a)(1)."

Based on the indictment and the government's more particularized allegations in its detention letter, Andrew Frey is charged with and the government will seek to prove that he asked two women who worked **voluntarily as prostitutes** to meet him for

4

sex, that they met him for sex, that on those two unnamed dates he attempted to force or threaten them to have sex in exchange for money in a secluded location, and they did not want to have sex in that particular location.  It is not alleged that Andrew Frey or anyone else forced Jane Doe 1 or 2 to work as prostitutes.  Additionally, neither Jane Doe 1 nor 2 is a minor.

Upon information and belief, Mr. Frey has been patronizing prostitutes for a number of years without force or threats of force and in fact had previously engaged in sex for money with Jane Doe 1 and 2 on other occasions and in different locations.  We also have reason to believe that Jane Doe 1 & 2 admitted to the government and or its agents that they in fact had sex for money with Andrew Frey on other occasions without force or threats of force.  Furthermore, we have reason to believe that the government and or its agents interviewed other women who indicated they had sex for money with Andrew Frey on other occasions, in different locations, all without any manner of force or threats of force.

Congress enacted Section 1591(a) to combat sex/human trafficking and amended the statue to include "patroniz[ing]" and "solicit[ing]" to make it clear that individuals who purchase sexual acts from human trafficking victims may be arrested, prosecuted, and convicted as sex trafficking offenders. Neither

5

Jane Doe 1 nor Jane Doe 2 are human trafficking victims - they are adults voluntarily engaging in sex for money.

Congress's authority under the Commerce Clause to prohibit human trafficking (Section 1591), which it concluded "substantially affects" interstate commerce, does not reach Mr. Frey's conduct which is purely voluntary intrastate patronization of adult prostitutes that does not have a cumulative effect on interstate commerce, which it must in order to pass constitutional muster.

Additionally, counts one and three are facially insufficient as the government has not pleaded a fact or facts in the indictment sufficient to allege elements of the crime attempted sex trafficking. The government must plead a fact or facts that evince an awareness on the part of Andrew Frey that he knew at the initial recruitment or enticing stage that "force" or "threats of force" would be used to cause Jane Doe 1 and Jane Doe 2 to engage in a commercial sex act.

WHEREFORE, it is respectfully requested that this Court issue an Order dismissing counts one and three of the indictment and granting such further relief as the court deems just and proper.

Dated: Central Islip, New York
September 22, 2020

Respectfully submitted,

Tracey L. Eadie Gaffey, Esq.