**Federal Defenders**
OF NEW YORK, INC.

770 Federal Plaza, Central Islip, NY 11722
Tel: (631) 712-6500 Fax: (631) 712-6505

David E. Patton
*Executive Director and
Attorney-in-Chief*

Randi L. Chavis
*Attorney-in-Charge
Long Island*

November 24, 2020

The Honorable Denis R. Hurley
United States District Judge
Eastern District of New York
United States Courthouse
Central Islip, New York 11722

Re: **United States v. Andrew Frey**
    **19 Cr. 537 (DRH)**

Dear Judge Hurley:

I represent Andrew Frey on the above-captioned case. I write to reply to the government's response to defendant's motion to dismiss counts one and three of the indictment as unconstitutional as applied to him, and as facially insufficient. I apologize for the late filing of this reply.

### § 1591 is Unconstitutional As Applied to Andrew Frey

A. Mr. Frey's Constitutional Challenge is Timely.

A motion to dismiss the indictment is governed by Rule 12 of the Federal Rules of Criminal Procedure, which states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b). On a motion to dismiss the indictment, "the [c]ourt must view the [i]ndictment's factual allegations as true, and must determine only whether the [i]ndictment is 'valid on its face.'" *Costello v. United States*, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L. Ed. 397, 1956-1 C.B. 639 (1956)). Although Andrew Frey does assert his innocence, the Court must, for the purposes of our motion, assume that all of the government's allegations are true, whether in the indictment, the complaint, or in any documents filed by the government in this case which amplifies the indictment. *See, e.g.* ECF document no.4, government detention memo.

The government misapprehends the nature of our motion. This <u>is not</u> a vagueness challenge. The cases cited by the government is its response – *Raniere*, *Ford*, *Kettles* and *Reyes*, *see* gov.p.6, were all challenges asserting unconstitutional vagueness. For instance, in *Raniere*, 384 F. Supp. 3d. 282 (E.D.N.Y. 2019), the defendant moved for dismissal of sex trafficking counts eight, nine and ten as unconstitutionally vague as applied to him.

> Raniere argues that Counts Eight, Nine, and Ten lack specificity because they rely on 'unspecified threats of force, fraud and coercion.' He also argues that Counts Eight, Nine, and Ten are deficient because they provide no specificity as to the nature of the threats or how, when, and by whom they were communicated. In addition, he asserts that the Government must provide more detail about the location of the alleged acts beyond that they occurred 'within the Eastern District of New York and elsewhere.' Further, he maintains that these counts are insufficient because they fail to provide specifics regarding the nature of the alleged commercial sex acts, who performed them and when and where they did so, or what value was exchanged on their account.

*Raniere*, 384 F. Supp.3d at 316. Raniere's motion is not defendant Frey's motion.[1] We are not arguing factual allegations. Simply put, Congress has enumerated powers under the U.S. Constitution. If Congress legislates beyond its powers, a statute may be held to be unconstitutional. Mr. Frey is asserting that § 1591 is <u>unconstitutional as applied to him</u>, that is, the Commerce Clause, the power undergirding Congress's enactment of § 1591, does not reach his conduct. See, *e.g. United States. v. Stevens*, 559 U.S. 460 (2010); *Bowen v. Kendrick*, 487 U.S. 589 (1988); *United States v. Rey*, 2012 U.S. Dist. LEXIS 9305 (DC Vermont, 2012); *U.S. v. Collins*, 921 F. Supp. 1028 (W.D.N.Y. 1996).

The government alleges that:

> [a]s the defendant notes, prior to the October 2018 incident at issue in Count One, the defendant had patronized and solicited Jane Doe #1 for commercial sex. ECF No. 4. In October 2018, the defendant arranged a meeting for commercial sex with Jane Doe #1, using his cellular telephone. Once Jane Doe #1 was in his vehicle, the defendant stated his intention to take her to a secluded and remote area for the purpose of

---

[1] Raniere is a multi-defendant, multi-factual, 49 count indictment which bears absolutely no resemblance to Mr. Frey's case.

>commercial sex. When she objected and sought to get out of his vehicle, the defendant attempted to kidnap her. Using both force and threats of force, the defendant attempted to take Jane Doe #1—over her strong objection—to the secluded location. Indeed, the circumstance escalated to the point that Jane Doe #1 was forced to escape by jumping from the defendant's moving vehicle, sustaining injuries in the process.
>
>As with Jane Doe #1, prior to the July 2019 incident at issue in Count Three, the defendant had patronized and solicited Jane Doe #2 for commercial sex. ECF No. 4. And, just as with Jane Doe #1, in July 2019, the defendant arranged a meeting with Jane Doe #2 for the purposes of commercial sex. Once she was in the vehicle, he attempted to use both force and threats force to take Jane Doe #2 to a secluded area over her objection. As a result, Jane Doe #2 was also forced to jump from the defendant's moving vehicle.

Gov.p.1-2. By the government's admission, this is the entirety of the elements which it will be seeking to prove at trial. Assuming it is all true, the defendant's motion is timely as these allegations demonstrate that § 1591 is unconstitutional as applied to Andrew Frey.

>B. The Commerce Clause Does Not Extend to Criminalize Andrew Frey's Alleged Conduct Under § 1591.
>
>As stated in defendant's Memorandum of Law, counsel has not come across any case in which an individual who engaged in or attempted to engage in sex in exchange for money with an adult who is acting voluntarily as a prostitute, has been charged with sex trafficking. In *Estrada-Tepal*, 57 F. Supp. 3d 164, 170 at n.7, U.S. Dist. LEXIS 137814, ***13 (S.D.N.Y. 2014) Judge Brodie came to the same conclusion. ("In fact, the Court is not aware of an application of 18 U.S.C. § 1591 to anyone other than an individual directly and substantially involved in an underlying sex trafficking scheme.")[2]

---

[2] *See, e.g.*, *United States v. Phea*, 755 F.3d 255, 2014 WL 2694223 (5th Cir. June 13, 2014) (pimp drove victim to a hotel room, which the victim shared with another woman who worked as a prostitute for the pimp); *United States v. Willoughby*, 742 F.3d 229, 232 (6th Cir. 2014) (pimp transported victim to john's home); *United States v. Mozie*, 752 F.3d 1271, 1276 (11th Cir. 2014) (defendant operated his home as a brothel known as the "Boom Boom Room"); *United States v. Britton*, 567 F. App'x 158, 2014 WL 2210679 (3d Cir. 2014) (pimp in prostitution ring); *United States v. Flanders*, 752 F.3d 1317, 1325 (11th Cir. 2014) (co-defendants drugged, raped and videotaped women); *United States v. Anderson*, 568 Fed. Appx. 332, 2014 WL 2085280 (5th Cir. 2014) (adult accused of having sex with thirteen-year-old); *United States v. Jones*, 748 F.3d 64, 66 (1st Cir. 2014) (defendant sought sex with young girls online); *United States v. Rivera*, 558 F. App'x 971, 974 (11th Cir. 2014) (defendant organized commercial

The government asserts that, "the defendant is accused of attempting to kidnap his victims using both force and threats of force, in order to compel them to engage in commercial sex acts." *See* gov.p.7. These allegations may subject Mr. Frey to prosecution under state law for attempted rape and false imprisonment. The government argues that, "[w]hen employed within the context of the commercial sex industry, rape, attempted rape and false imprisonment all come within the scope of Section 1591…." *See* id. We disagree. The legislative history clearly shows that this is simply not accurate in the case of one individual where that individual's activity is wholly interstate, that individual is not engaged in sex with minors, that individual is not forcing anyone to work as a prostitute, the prostitutes whom the individual engages with are not human trafficking victims and that individual's act of patronizing prostitutes does not, if "considered in the aggregate with similar conduct by others," "frustrate Congress's broader regulation of interstate and foreign economic activity." *United States v. Evans*, 476 F.3d 1176, 1179 (11th Cir. 2007).

Congress was aware of exactly what it was legislating and why: the legislative history of the TVPA unmistakably shows that Congress intended to enact a "comprehensive regulatory scheme," to "criminalize and attempt to prevent slavery, involuntary servitude, and human trafficking for commercial gain." *Evans*, 476 F.3d at 1179 (11th Cir. 2007). Congress recognized that human trafficking, particularly of women and children in the sex industry, "is a modern form of slavery and is the largest manifestation of slavery today." 22 U.S.C. § 7101(b)(1); *see also id*. at § 7101 (b)(2), (4), (9), (11). Congress used its

---

sex dates for minor victim and travelled from New York to Miami with the victim); *United States v. Robinson*, 702 F.3d 22, 26-29 (2d Cir. 2012) (man convicted of pimping a seventeen year old girl), *cert. denied*, 568 U.S. ___, 133 S. Ct. 1481 (2013); *United States v. McIntyre*, No. 13-CR-361, 2014 U.S. Dist. LEXIS 99217,2014 WL 3600476, at *2 (E.D. Pa. July 22, 2014) (pimp "who did not hesitate to use force and coercion to maintain discipline with his commercial sex workers"); *United States v. Burchell*, No. 11-CR-00524, 2014 U.S. Dist. LEXIS 89888, 2014 WL 2998598, at *1 (D.Or. June 30, 2014) (discussing a co-defendant who organized group sex, which included a fifteen-year-old); *United States v. Berrios*, No.14-CR-334, 2014 U.S. Dist. LEXIS 100501, 2014 WL 3513233, at *1-4 (D.P.R. June 13, 2014) (priest sexually involved with a teenager); *Cooke v. United States*, No. 13-CV-1702, 2014 U.S. Dist. LEXIS 69384, 2014 WL 2118076, at *1 (E.D. Mo. May 21, 2014) (defendant contacted police internet page advertising "young and irresistible"); *United States v. Rojas-Coyotl*, No. 13-CR-0128, 2014 U.S. Dist. LEXIS 65223, 2014 WL 1908674, at *2 (N.D. Ga. May 13, 2014) (defendants encouraged young women from Mexico and Guatemala to come to the United States and then forced the women into prostitution); *United States v. Gemma*, No. 12-CR-10155, 2014 U.S. Dist. LEXIS 57823, 2014 WL 1654133, at *2 (D. Mass. Apr. 25, 2014) (defendant had posted online advertisements for sex with a young woman); *United States v. Blake*, No. 13-CR-80054, 2014 U.S. Dist. LEXIS 64092, 2014 WL 1764679 (S.D. Fla. Mar. 25, 2014) (defendants employed underage sex workers); *United States v. Mack*, 298 F.R.D. 349, 350 (N.D. Ohio 2014) (defendant instructed females to engage in commercial sex to pay drug debts).

Commerce Clause authority to prohibit sex trafficking (section 1591) as it concluded that human trafficking "substantially *affects*" interstate commerce, see *United States v. Campbell*, 111 F. Supp. 3d 340, 346 (W.D.N.Y. 2015), not intrastate patronizing of a prostitute unless the prostitute is a minor.

The government's puts forth a quote that is taken out of Congress's entire context of its stated purposes – "[f]or example, Congress stated its intent to protect victims who, among other things, were "forced through physical violence to engage in sex acts," and noted that "[s]uch force includes rape . . . imprisonment, threats . . . and coercion." *See* gov.p.7. "Victims" in that quote is a reference to <u>trafficking victims</u> not just any victim. *See* § 7101, Purpose and Findings, attached to defendant's Memorandum of Law. Accepting the government's argument would mean that every alleged rape, attempted rape, false imprisonment, attempted false imprisonment, or any other alleged use of force against an adult working voluntarily as a sex worker is chargeable under § 1591. That is clearly not what Congress intended nor what they have the power to do under the Commerce Clause. Congress did not prohibit prostitution, or engaging a prostitute unless he or she is a minor.

None of the cases cited by the government support its position as they are all entirely factually dissimilar and legally distinguishable from the case at bar.[3]

*Noble v. Weinstein*, 335 F. Supp. 3d 504, (S.D.N.Y. Aug. 14, 2018) likewise does not help the government. *Noble v. Weinstein* is a civil case. The defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court noted that, "[t]o survive a motion to dismiss

---

[3] *United States v. Thompson*, 864 F.3d 837, 842 (7th Cir. 2017) 864 F.3d 837, 840-41 ("Thompson preyed upon a vulnerable fifteen-year-old girl, subjecting her to systematic forcible and statutory rape, child pornography, and other forms of sexual abuse. He used the girl not only as an instrument to make money but also for his own personal sexual gratification."); *United States v. Flanders*, 752 F.3d 1317, ("The evidence established that Flanders used fraud both to recruit and entice the victims to travel to Miami and to drug the victims in order to cause them to engage in filmed sex acts, and that the films were then distributed commercially over the Internet. The evidence showed that Flanders benefitted personally when he received payment from two victims in the form of auditioning fees and when he took money from the wallet of a third victim. Moreover, the evidence established that Appellants' "venture" was to produce and sell pornographic footage of Callum having sex with drugged women."); *Lawson v. Rubin*, 2018 U.S. Dist. LEXIS 71528, *41. ("Rubin argues that plaintiffs have failed to plead causation: he argues that the complaint itself establishes that plaintiffs willingly traveled to New York City on multiple occasions to engage in commercial sex with him, and therefore that commercial sex was not the result of force, threats of force, fraud, or coercion. Rubin concedes that there was force involved in his sexual interactions with plaintiffs as alleged in the amended complaint but argues that the force was incident to the commercial sex, not the cause of it. The problem with Rubin's argument is that it requires the Court to draw inferences in his favor and against plaintiffs — the opposite of what the Court must do on a motion to dismiss.") *See* gov.oppo.p.8.

under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" To state a claim under § 1591, the plaintiff was required to adequately plead:

> that [HW] knowingly and in interstate or foreign commerce: (1) recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person; (2) 'knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud . . or any combination of such means will be used'; (3) 'to cause the person to engage in a commercial sex act.'" *Noble v. Weinstein*, 335 F. Supp. at 515 (*citing* 18 U.S.C. § 1591.

The district court determined that the statute covered the defendant's conduct,[4] but importantly its conclusion was "reinforced by the fact that 'Section 1595 is a remedial provision that permits civil actions for damages under Section 1591,' and the Supreme Court has recognized a 'canon of construction' that remedial statutes should be liberally construed." *Huett*, 2018 WL 6314159, at *1 (*quoting Peyton v. Rowe*, 391 U.S. 54, 65, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968)). There is no such liberal cannon when a criminal defendant like Andrew Frey is challenging the constitutionality of a criminal statute as applied to him.

C. Using a Cell Phone Does Not Defeat Mr. Frey's Constitutional Challenge

[I]n or affecting" commerce, 18 U.S.C. § 1591(a)(1), is an essential element of sex trafficking. Once again, for the purpose of this motion, the government's allegation that Mr. Frey used a cell phone to call the Jane Does must be regarded as true. True or not, however, use of a cell phone does not defeat our constitutional argument. It is Mr. Frey's conduct, as alleged by the government, that we submit does not come within the constitutional ambit of § 1591. None of the cases cited by the government, *Miller*, *LaBabera*, *Baston* and *Brinson*, involves an as-applied constitutional challenge to the sex trafficking statute. At trial the government would only have to prove a de minimus effect on interstate commerce to satisfy that element of the

---

[4] Defendant H. Weinstein's conduct was alleged to be extensive, involve multiple victims and traversed decades. The defendant challenged the Plaintiff's pleading of "enticement," "knowledge," "means of fraud and force," and "commercial sex act." The court found that the pleading was satisfied in all respects.

offense, but the subject of defendant's motion is not whether his use of a cell phone would satisfy that element, it is the overreach of applying the statute to his conduct. The Commerce Clause does not reach his conduct. His conduct is not part of a "class of activities" that have a substantial effect on interstate commerce. *See Gonzalez v. Raich*, 545 U.S. 1, 16 (2005).

*United States v. Todd*, 627 F.3d 329, 333 (9th Cir. 2010) supports the defendant's position rather than the government's. The Todd court stated:

> The TVPA was enacted after Congress took a substantial amount of evidence on the traffic in the sexual services of women based on <u>importing women from around the world by force or fraud</u>. *See* Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1464, 1466 (2000) (Emphasis added). Congress concluded that prostitution in American cities encouraged and enlarged the market for <u>this traffic from abroad</u>. *Id*. (Emphasis added) Sex traffic is a global matter.

*Todd*, 627 F.3d 329 at 333. The court is referencing women who are victims of trafficking. Judge Noonan also stated:

> The TVPA was enacted in December 2000 and amended, as relevant here, in December 2003, July 2006 and December 2008. The statute focuses on those (usually men) who make money out of selling the sexual services of human beings (usually women) they control and treat as their profit-producing property.

*Id* at 329. The defendant in *Todd*, beat women, forced them into prostitution, advertised their services in newspapers and on the internet and took their money. *Id*. at 329-332.

## Conclusion

For all the reason stated in our motion we respectfully ask the Court to dismiss counts one and three of the indictment.

						Respectfully submitted,

						Tracey L. Gaffey
						Assistant Federal Defender
						(631) 712-6500
						tracey_gaffey@fd.org

cc:   Monica K. Castro, AUSA
      Clerk of the Court