```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM AND ORDER
                                          19-CR-537 (DRH)
        -against-

ANDREW FREY,

             Defendant.
------------------------------X
```

A P P E A R A N C E S:

For the Government:
    Seth DuCharme
    Acting United States Attorney
    United States District Court
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722
      By: Monica K. Castro, A.U.S.A.

For the Defendant:
    Federal Defender's Office
    100 Federal Plaza
    Central Islip, New York 11722
      By: Tracey L. Gaffey, Esq.

HURLEY, Senior District Judge

      By Notice of Motion returnable December 1, 2020, Andrew Frey ("Frey" or "defendant") moves, pursuant to Fed. R. Crim. P. 12, for an order dismissing Counts One and Three of the indictment in the captioned case as "unconstitutional as applied to [him] . . . [and as] facially insufficient."  Not. of Motion (ECF 22) at 1.

Background

The indictment against Frey, filed on November 14, 2019, has four counts captioned "Attempted Sex Trafficking-Jane DOE # 1" (Count One), "Attempted Kidnaping-Jane Doe # 1" (Count Two), "Attempted Sex Trafficking-Jane Doe # 2" (Count Three), and "Attempted Kidnaping-Jane Doe # 2" (Count Four).

Counts One and Three, the targets of the present motion, both charge a violation of Title 18, United States Code, § 1591(a)(1). That subsection provides in pertinent part that "[w]however knowingly in or affecting interstate or foreign commerce . . . patronizes, or solicits by any means a person . . . knowing . . . that means of force, threats of force . . . coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act . . . shall be punished as provided in subsection (b)."

With respect to the defendant's alleged conduct underlying Counts One and Three, the government, in seeking the defendant's detention following his arrest, proffered to Magistrate Judge Shields:

> Frey identified potential victims, including the women identified in the indictment as Jane Doe # 1 and Jane Doe # 2, by soliciting and patronizing them for commercial sex. Thereafter, using a cellular telephone, Frey arranged a subsequent meeting with the women. Then, using both force and threats of force, Frey attempted to take the women — over their strong objections — to a secluded location. Jane Doe # 1 and Jane Doe # 2 both separately

2

>                 managed to escape Frey by jumping from his
>                 moving vehicle and sustaining injuries in the
>                 process.

See Gov't's Letter to Magistrate Judge Shields (ECF 4) at 1 (quoted in Def.'s Mem. of Law (ECF 22-1) at 3).

### Defendant's Position

Frey's primary contention is that Section 1591, the "sex trafficking" statute, is inapplicable because neither Jane Doe # 1 nor Jane Doe # 2 "are human trafficking victims." Gaffey Declar. (ECF 22) at 5-6.  Rather both were at the time of the charged incidents, and prior thereto, adult prostitute who freely entered and remained in the trade.  Indeed, each included the defendant within their respective repeat client lists.  Moreover, it is the defense's understanding that the previous liaisons did not run afoul of Section 1591.  Id. at 5 ("We . . . have reason to believe that Jane Doe[s]  1 and 2 admitted to the government . . . that they in fact had sex for money with Andrew Frey on other occasions without force or threats of force.")  The thrust of this argument is that, while the alleged conduct of defendant may well be criminal, it doesn't fall within the ambit of Section 1591.  And that is so, we are told, because the purported victims do not qualify as such as evidenced by the statute's legislative history.  In support of that proposition, the defendant offers the following excerpt from United States v. Evans:

>                 [Section 1591] is part of a comprehensive
>                 regulatory scheme.  [It] criminalizes and

3

> attempts to prevent slavery, involuntary servitude, and human trafficking for commercial gain. Congress recognized that human trafficking, particularly of women and children in the sex industry, is a modern form of slavery, and is the largest manifestation of slavery today.

476 F.3d 1176, 1179 (11th Cir. 2007)(internal quotation marks and citations omitted), cited in Def.'s Mem. of Law (ECF 22-1) at 11.

Simply put, Frey's conduct — assuming it was as alleged — "does not [, in defendant's view,] come within the constitutional ambit of § 1591." Def.'s Reply (ECF 26) at 6.

Defendant also contends that Counts One and Three are "facially insufficient" for the government's purported failure to "plead a fact or facts that evince an awareness on the part of Andrew Frey that he knew at the initial recruitment or enticing stage that force or threats of force would be used to cause Jane Doe 1 and Jane Doe 2 to engage in a commercial sex act." Gaffey Declar. (ECF 22) at 6.

### Government's Position

The government's position, as presented in its October 20, 2020 letter in opposition (ECF 25), is that Frey's claimed conduct, if established at trial, is clearly violative of Section 1591. The operative phrase, the government submits, is "if established at trial." It maintains that defendant's insistence as to the inapplicability of the subject section is premature in that a meaningful "as applied challenge" presupposes an awareness

4

of what the accused actually did.  Id. at 6-7 (citing United States v. Raniere, 384 F. Supp. 3d 282, 320 (E.D.N.Y. 2019)). That won't be known until the trial occurs.

The government also contends that defendant's alleged conduct, although concededly local in character, affected interstate commerce within the purview of Section 1591 in that cell phones were supposedly used to arrange appointments.  Id. at 10.

As to defendant's claim that Counts One and Three are facially defective due to the failure to plausibly allege that Frey knew "that force, fraud, [or] coercion . . . would be used to cause a person to engage in a commercial sex act" (Section 1591(a)(1)), the government points out that the plausibility standard pertains to civil claims brought by victims under Section 1595, not to criminal charges predicated on Section 1591. The government contends that the indictment complies with the applicable pleading standard set forth in Federal Rule of Criminal Procedure 7(c), thus warranting a trial on the merits and a rejection of defendant's facial insufficiency challenge to Counts One and Three. Id. at 2-3.

For the forgoing reasons, the government requests that defendant's motion be denied in its entirety.

5

<u>Discussion</u>

1. <u>Jane Doe # 1 and Jane Doe # 2 are not Precluded From Being "Victims" for Purposes of Section 1591 Solely Because of Their Profession as Prostitutes</u>

Defendant argues that sexual encounters between adult prostitutes and their customers are beyond the reach of Section 1591's prohibitions. Frey submits "that this statute was never intended to encompass such conduct – that is – a 'John' patronizing an adult voluntarily engaging in prostitution." Def.'s Mem. of Law (ECF 22-1) at 9. That is correct as far as it goes assuming the customer lacks knowledge of the force element of the statute. However, by agreeing to engage in sexual conduct in exchange for currency, a sex worker does not become "fair game" for her customer for all sexual purposes. <u>Cf.</u> <u>Lawson v. Rubin</u>, 2018 WL 2012869 at *15 (E.D.N.Y.). If she objects to a particular activity, – e.g., sadism or, as alleged in this case, the proposed site for its performance – and he, in response, uses force or the threat of force in an effort to overcome her refusal — and assuming interstate commerce is affected —, a violation of 1591 has occurred. That is so even though the underlying transactions are said to have been between the sex workers and a repeat customer.

The above conclusion is compelled by the very language of the statute. <u>See</u> 18 U.S.C. § 1591(a) quoted earlier. The Jane Does in this case fall comfortably within its verbiage.

6

      2. Frey's Status as a Customer Rather Than a Pimp Similarly Does not Render the Statute Inapplicable

A defendant need not be an abusive pimp to violate the statute although typically that is the case.  Thus we see such individuals as a cult leader, and a renowned fashion photographer being successfully charged with sex trafficking.  See United States v. Raniere, 384 F. Supp. 3d 282 (E.D.N.Y. 2019) and United States v. Ardolf, 332 F.R.D. 467 (S.D.N.Y. 2019).  Which is to say, defendant's status as a customer does not insulate him from the sweep of Section 1591.

      3. The Government's Allegations Charge Conduct Which, if Established, Affected Interstate Commerce

Defendant contends that "Congress's authority under the Commerce Clause to prohibit human trafficking . . . does not reach Mr. Frey's conduct which is purely voluntary intrastate patronization of adult prostitutes . . . ."  Gaffey Declar. (ECF 22) at 6.  That statement is not convincing.  As correctly noted by the government, his "conduct had a sufficient effect on interstate commerce to defeat the defendant's as applied challenge on that ground."  Gov't's Letter in Opp. (ECF 25) at 9. See, e.g., United States v. Miller, 116 F.3d 641, 673-74 (2d Cir. 1997) (explaining the expansive scope afforded to the Commerce Clause generally); United States v. Todd, 627 F.3d 329, 333 (9th Cir. 2010) (explaining the broad breath of the Commerce Clause's

7

applicability in Section 1591 cases); United States v. Evans, 476 F.3d 1176, 1178-79 (11th Cir. 2007) (same). Thus, for example, in Evans, the sex trafficking took place only in Florida but given that a cell phone was utilized to arrange dates, the alleged violation of Section 1591 resulted in a conviction "even without evidence that the calls he made were routed through an interstate system." Id. at 1181.

    4.    The Facial Sufficiency of the Targeted Counts are Governed by Rule 7(c) of the Federal Rules of Criminal Procedure and, Measured Against That Standard, They are Adequately Pled

The Court will now turn its attention to defendant's assertion that Counts One and Three "are facially insufficient as the government has not pleaded a fact or facts in the indictment sufficient to allege elements of the crime attempted sex trafficking." Gaffey Declar. (ECF 22) at 6. The purported failure is to present facts that Frey knew "at the initial recruitment or enticing stage that 'force' or 'threats of force' would be used to cause Jane Doe 1 and Jane Doe 2 to engage in a commercial sex act." Id.

Federal Rule of Criminal Procedure 7(c) details the nature and contents required to be included in an indictment. An accusatory instrument is sufficient if it presents "a plain, concise, and definite written statement of essential facts constituting the offensive charged." Fed. R. Crim P. 7(c)(1). It

8

should contain "first, . . . the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and second, enable[]9 him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013)(internal quotation marks and citations omitted).  Measured against that standard, Counts One and Three pass muster.  Each of the counts cite to, and track the language of Section 1591, identifies the elements of the offense,[1] and provides the date and district in which it is said to have occurred.  As such, it is adequately pled, United States v. Stavroulakis, 952 F. 2d 686, 693 (2d Cir. 1992), justifying a trial on the merits.  Costello v. United States, 350 U.S. 359, 363 (1956).

---

[1] Included within that recitation is the knowledge requirement which is the centerpiece of defendant's facial insufficiency application.  How the government will endeavor to prove that element is a matter for trial, not for the present pretrial challenge.

In this case, unlike many others, the person accused of using or threatening force, and the defendant, are one and the same which presumably will simplify the prosecution's task.

Finally, and parenthetically, if the proof establishes that the Jane Does prevented the sex trafficking acts from reaching fruition by alighting from Frey's moving vehicle that does not eradicate the viability of Counts One and Two.  See United States v. Alvarez, 601 F. App'x 16, 18 (2d Cir. 2015)(summary order)("The sex trafficking statute criminalizes certain means when they are 'used to cause' an act, and thus is concerned with means and not with the result.  The result itself is not an element of the offense.")

9

<u>Conclusion</u>

For the reasons indicated, the defendant's motion is denied in its entirety.

SO ORDERED.

Dated: January 21, 2021
      Central Islip, New York

                                      DENIS R. HURLEY, U.S.D.J.