# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

**David E. Patton**
*Executive Director and Attorney-in-Chief*

**Deirdre D. von Dornum**
*Attorney-in-Charge*

March 21, 2022

The Honorable Denis R. Hurley
United States District Judge
Eastern District of New York
United States Courthouse
Central Islip, New York 11722

    Re:  **United States v. Andrew Frey**
           **19 Cr. 537 (DRH)**

Dear Judge Hurley:

    I represent Andrew Frey on the above-captioned case scheduled for trial on April 11, 2022. Mr. Frey was arrested on November 15, 2019 and has been held in custody since then. After almost 28 months and less than five (5) weeks before trial, the government has given the defense additional statements of the defendant. We move to exclude those statements.

    The defense made its first written request for discovery under Fed.R.Crim.P.16 on November 20, 2019. On November 22, 2019, the government filed its first discovery disclosure. Among other items and information in this first disclosure, the government gave defense counsel an Advice of Rights form ostensibly signed by Andrew Frey on November 15, 2019 at 6:57 a.m. and a post arrest recorded interview presumable done after the Advice of Rights form was signed on November 15, 2019.[1] In at least six (6) subsequent discovery disclosures from March 5, 2020 to December 14, 2021, the government never disclosed any additional statements of the defendant, despite its statutory obligation under Rule 16. By letter dated March 4, 2022, the government disclosed additional statements alleged to have been made by Andrew Frey, the defendant. *See Exhibit A*, four pages Bates stamped AF 493445-449.[2] These all appear to be <u>unwarned</u> statements allegedly made by Andrew Frey.

---

[1] The recording time runs from 3:35:51 to 4:44:15 EST, which I assume is a result of the agents not calibrating the recording machinery because agents did not arrest Mr. Frey until about 5:30 a.m. on November 15, 2019.

[2] AF 493446 appears to be Detective James Johnson's notes, excerpting Mr. Frey's recorded interview. The bottom of AF 493449 appears to be Detective Johnson's typed notes excerpting Mr. Frey's recorded interview, however as

1

"Pursuant to Fed.R.Crim.P.16, upon a defendant's request the government is obligated to 'disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.' Fed.R.Crim.P.16(a)(1)(A). "*United States v. Hisan Lee*, 834 F.3d 145, 157 (2d. Cir. 2016) "If the government violates this disclosure obligation, '[a] district court has broad discretion in fashioning a remedy…, including ordering the exclusion of evidence. Fed.R.Crim.P. 16(d)." *Lee*, 834, F.3d 145 at 157, *citing United States v. Salemeh*, 152 F.3d 88, 130 (2d Cir. 1998).

In the case at bar, the government has violated Rule 16, <u>without excuse</u>. This untimely disclosure, less than five (5) weeks before Mr. Frey's trial, adversely affects his trial strategy and is, therefore, prejudicial. *Id.* at 157-58, *quoting, United States v. Adeniji*, 31 F.3d 58, 64 (2d Cir. 1994)("Substantial prejudice 'mean[s] more than that the statement was damaging to the defendant: the defendant must demonstrate that the untimely disclosure of the statement adversely affected some aspect of his trial strategy.") "Specifically, 'Rule 16 is concerned with the prejudice resulting from the government's untimely disclosure of the evidence, rather than with the prejudice attributable to the evidence itself.'" *Id. at 158, quoting United States v. Sanchez*, 912 F.2d 18, 23 (2d Cir. 1990).

The only statement the government disclosed in a timely manner was Mr. Frey's recorded statement. Prior to that interrogation, Mr. Frey signed an Advice of Rights form. There is nothing in that recorded interview that is inculpatory or that the defense sought to challenge by motion. By contrast, these newest statements appear to be unwarned, counsel does not know what questions the arresting agents asked which generated Mr. Frey's alleged responses, and counsel does not know where Mr. Frey was located when these statements were allegedly made. [3] Without this information, counsel cannot investigate and look for witnesses who may have heard the statements, or not heard them. In particular, the alleged statement about handcuffs at the top of AF 493449 and on handwritten page AF 493447 is a statement the defense would move to suppress, however we are less than five (5) weeks from trial and Mr. Frey's right to a speedy trial has already been

---

it is not entirely consistent with his handwritten notes, I am not sure. I am also not sure because the recording time does not coincide with the times Detective Johnson has written.

[3] AF 493448 notes "[a]t several points during the transportation of Frey, the booking of Frey, and in the minutes leading up to Frey's interview with pretrial services, Frey made oral admissions to arresting officers."

2

delayed because of the COVID-19 pandemic. This prejudicial disclosure will not only cause the defense to try to pivot at this late date, but we will have to make a motion to suppress if these statements are not excluded.

For all of the foregoing reason, we ask the Court to exclude the untimely disclosures. There is no excuse for this egregious failure to comply with Rule 16.

Respectfully submitted,

Tracey L. Gaffey
Assistant Federal Defender
(631) 712-6500
(631) 712-6503
tracey_gaffey@fd.org

Attachment.

cc: Oren Gleich, AUSA