CCC:ILB/OG
F. #2019R01502

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

ANDREW FREY,

              Defendant.

------------------------------X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 19-537 (S-2) (DRH)
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2),
924(d)(1), 981(a)(1)(C), 1201(d),
1512(c)(2), 1591(b)(1), 1594(a),
1594(d) and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## COUNT ONE
(Attempted Sex Trafficking – Jane Doe #1)

1. In or about October 2018, within the Eastern District of New York and elsewhere, the defendant ANDREW FREY did knowingly and intentionally attempt to entice, transport, obtain, patronize and solicit by any means a person, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, knowing that force, threats of force, fraud and coercion and a combination thereof would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, contrary to Title 18, United States Code, Section 1591(a)(1).

(Title 18, United States Code, Sections 1594(a), 1591(b)(1) and 3551 et seq.)

## COUNT TWO
(Attempted Kidnapping – Jane Doe #1)

2. In or about October 2018, within the Eastern District of New York and elsewhere, the defendant ANDREW FREY did knowingly, intentionally and unlawfully attempt to seize, confine, inveigle, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Jane Doe #1, and use one or more means, facilities and instrumentalities of interstate and foreign commerce, in committing and in furtherance of the commission of the offense, contrary to Title 18, United States Code, Section 1201(a)(1).

(Title 18, United States Code, Sections 1201(d) and 3551 et seq.)

## COUNT THREE
(Attempted Sex Trafficking – Jane Doe #2)

3. In or about July 2019, within the Eastern District of New York and elsewhere, the defendant ANDREW FREY did knowingly and intentionally attempt to entice, transport, obtain, patronize and solicit by any means a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, in and affecting interstate commerce, knowing that force, threats of force, fraud and coercion and a combination thereof would be used to cause Jane Doe #2 to engage in one or more commercial sex acts, contrary to Title 18, United States Code, Section 1591(a)(1).

(Title 18, United States Code, Sections 1594(a), 1591(b)(1) and 3551 et seq.)

## COUNT FOUR
(Attempted Kidnapping – Jane Doe #2)

4. In or about July 2019, within the Eastern District of New York and elsewhere, the defendant ANDREW FREY did knowingly, intentionally and unlawfully attempt to seize, confine, inveigle, kidnap, abduct and carry away and hold, for ransom and

reward and otherwise, a person, to wit: Jane Doe #2, and use one or more means, facilities and instrumentalities of interstate and foreign commerce, in committing and in furtherance of the commission of the offense, contrary to Title 18, United States Code, Section 1201(a)(1).

(Title 18, United States Code, Sections 1201(d) and 3551 et seq.)

## COUNT FIVE
(Felon in Possession of a Firearm)

5. In or about and between March 2018 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANDREW FREY, knowing that he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: one black Glock Model 23 .40 caliber pistol, and ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT SIX
(Obstruction of Justice)

6. In or about and between July 2019 and April 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANDREW FREY did knowingly, intentionally and corruptly obstruct, influence and impede, and attempt to obstruct, influence and impede, an official proceeding, to wit: a Federal Grand Jury investigation in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND THREE

7. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts One and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, or any property traceable to such property.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWO AND FOUR

9. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Two and Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FIVE

11. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violations of Title 18, United States Code, Section 922 or Section 924, including but not limited to: one black Glock Model 23 .40 caliber pistol, bearing Serial Number BLZ097 US, and ammunition, recovered on or about June 12, 2020 from the defendant's residence in Coram, New York.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2019R01502
FORM DBD-34
JUN. 85

No. 19-CR-537 (S-2) (DRH)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*ANDREW FREY,*

Defendant.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(d)(1), 981(a)(1)(C),
1201(d), 1512(c)(2), 1591(b)(1), 1594(a), 1594(d) and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill*  *Meredith McGowan*

*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

Clerk

Bail, $ _____

*Oren Gleich, Assistant U.S. Attorney (631) 715-7889*